United States District Court
Southern District of Texas
**ENTERED**
February 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PEDRO IGLESIAS ALVAREZ,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01107 |
| | § | |
| **RANDY TATE,** *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER FOR ANSWER

Petitioner Pedro Iglesias Alvarez, a detainee in the custody of U.S. Immigration and Customs Enforcement (ICE) in Conroe, Texas, has filed a petition for habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1. Petitioner does not challenge the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496 (5th Cir. Feb. 6, 2026), but rather challenges the constitutionality of the application of 8 U.S.C. §1225(b)(2)(A) to Petitioner's specific circumstances. Preliminary examination of Petitioner's application for a writ of habeas corpus indicates that an answer is needed. The Court also concludes that an order prohibiting Respondents from removing Petitioner from the Southern District of Texas while this Petition is pending is warranted.

### I. JURISDICTION

The protections of the Constitution apply to all persons within the jurisdiction of the United States, without regard to immigration or citizenship status. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982).

While federal district courts do not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, see 8 U.S.C. § 1252(a)(1), (g), federal courts do, however, have jurisdiction over habeas petitions, including those brought by a noncitizen challenging her detention. *See* 28 U.S.C. § 2241(a); see U.S. CONST. art. I, § 9, cl. 2 (The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (affirming that "an alien. . . [may] rely on 28 U.S.C. § 2241(a) to challenge [their] detention").

In this case, Mr. Iglesias Alvarez does not purport to seek review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the Petition alleges that Mr. Iglesias Alvarez was subject to arrest and detention in violation of the Constitution and laws of the United States. The Court is therefore of the opinion that it has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

Additionally, in order to conduct a meaningful assessment of Mr. Iglesias Alvarez's Petition, the Court finds that it has jurisdiction over this matter and ORDERS that Petitioner shall not be transferred outside the Southern District of Texas while this habeas petition is pending.

## II.   ORDER

Pursuant to 28 U.S.C. § 2241, the Court **ORDERS** as follows:

### A. Service of Process

1. The Clerk of Court is directed to serve a copy of this order on the United States Attorney for the Southern District of Texas via email at USATXS.CivilNotice@usdoj.gov **as soon as possible.** This shall constitute sufficient service under the Memorandum of Understanding between the United States District Court for the Southern District of Texas

and the United States Attorney's Office for the Southern District of Texas Regarding Electronic Service in Cases and Proceedings Under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.

**B. Respondents' Answer**

1. Respondents shall file an answer or other responsive pleading no later than **February 19, 2026**. Respondents shall forward a copy of same to Petitioner or to Petitioner's counsel, if Petitioner is represented. Respondents are cautioned that under Rule 12(c) of the Federal Rules of Civil Procedure, if Respondents' motion relies on matters outside the pleadings, the motion shall be treated as one for summary judgment and should be titled as such.

2. Respondents' answer shall contain:

    a. A statement of the authority by which Petitioner is held, and if held under the judgment or order of any court, the name of such court and the number and style of the case in which same were entered;

    b. A specific response to each of Petitioner's factual allegations and legal contentions, with applicable authority;

    c. A statement as to whether Petitioner has exhausted all administrative remedies;

    d. A statement indicating what transcripts of prior proceedings, including detention proceedings, are available and when they can be furnished, and what proceedings have occurred but without transcription.

3. Unless the Court instructs otherwise, each party shall serve the other party, or counsel, with a copy of every pleading, letter, or other document submitted for consideration by the Court. Service shall be by mail to the other party unless the parties agree to conduct service via email or ECF filings. Every pleading or document filed with the Clerk of the Court

shall contain a signed certificate stating the date a true and correct copy of the pleading or document was served and to whom. Any pleading or other document received by the Clerk that fails to include the certificate of service may not be accepted. Failure to serve in accordance with this Order may subject a party to sanctions by this Court. There will be no direct communications with the U.S. District Judge or any U.S. Magistrate Judge. All communications must be submitted to the Clerk with copies to the other party.

4. If Respondents file a dispositive motion (i.e., a motion to dismiss or for summary judgment), Petitioner may file a response within **FIVE DAYS** of the date reflected on the certificate of service.

**C. Stay of Transfer for Removal**

1. Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Southern District of Texas without first seeking and receiving leave from this Court. Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings.

The Clerk is to provide a copy of this Order to all parties, including Petitioner.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on the 12th day of February, 2026.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE