Case 4:26-cv-01107   Document 7   Filed 03/10/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PEDRO IGLESIAS ALVAREZ,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:26-CV-01107** |
| | § | |
| **RANDY TATE,** *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Pedro Iglesias Alvarez's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 6). After considering the briefing and the applicable law, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

### I.  BACKGROUND

Petitioner is a citizen of Cuba who entered the United States without inspection on or around May 3, 2021. ECF No. 1, Exh. A (Notice to Appear). On May 20, 2021, Petitioner was issued a Notice to Appear charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and ordering him to appear in removal proceedings before an Immigration Judge (IJ). *Id*. The Notice was issued after an asylum officer found that Petitioner had demonstrated a credible fear of persecution or torture if removed to Cuba. *Id*. Petitioner's removal proceedings are ongoing. ECF No. 1 at 4.

On July 2, 2021, immigration officials released Petitioner from custody under an Order of Release on Recognizance (ORR) pursuant to 8 U.S.C. § 1226.[1] ECF No. 1, Exh. B (ORR). The ORR required Petitioner to appear for all immigration hearings, check in with an Immigration and Customs Enforcement (ICE) officer, and not violate any local, State, or Federal law, among other conditions of release. *Id*.

From July 2021 until December 2025, Petitioner complied with all conditions of his release.[2] ECF No. 1 at 3. Nonetheless, Respondents re-detained Petitioner on December 5, 2025, during a scheduled ICE check-in. *Id*. at 4. At no point have Respondents alleged that Petitioner was re-detained based on a violation of his conditions of release, an individual finding of changed circumstances, or new information to suggest that Petitioner now presents a risk of flight or danger to the community. Rather, it is Respondents' position that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1).

Petitioner filed the instant Petition for Habeas Corpus on February 19, 2026. He argues that his mandatory detention violates the Fifth Amendment's Due Process Clause. Specifically, Petitioner argues that his detention violates substantive and procedural due process, and that it is arbitrary and capricious. Because the Court finds that Petitioner's detention violates his procedural due process rights, it declines to address his other claims.

## II.   ANALYSIS

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al*., --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison,

---

[1] 8 U.S.C. § 1226 corresponds to section 236 of the Immigration and Nationality Act (INA).
[2] Respondents have not disputed Petitioner's factual allegations.

J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6.

Respondents argue that because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), Petitioner's "procedural due process theory is. . . wholly inapplicable." ECF No. 6 at 10. Respondents cite *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003), which explains that due process "does not require the opportunity to prove a fact that is not material to the State's statutory scheme." According to Respondents, a detainee's risk of flight or danger "are altogether irrelevant" under § 1225(b)(2), meaning that there can be no procedural due process right to an individualized hearing to address those factors. ECF No. 6 at 10.

The Court previously rejected this argument as to noncitizens like Petitioner, whom ICE previously released on their own recognizance. *See Betancourth*, 2026 WL 638482, at *2 ("Because Respondents themselves previously subjected Petitioner to detention and release on recognizance pursuant to § 1226(a), that statute, rather than § 1225(b)(2), provides the proper framework through which to assess Petitioner's procedural due process claim."). This case is materially indistinguishable from *Betancourth* and the Court sees no reason to reach a different conclusion here.[3] It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

---

[3] In reaching the conclusion that Petitioner's detention violates the Due Process Clause, the Court assumes that Petitioner falls within the group of noncitizens subject to mandatory detention under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (2026).

The Court therefore **ORDERS** that Petitioner be released from custody within 48 hours pursuant to the terms of his prior release order (ECF No. 1, Exh. B). Petitioner shall be released in a public place within the Southern District of Texas, and his counsel or next friend shall be given notice of the time and place of his release. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of his release. Respondents similarly may not subject Petitioner to additional conditions of release without showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before March 13, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before March 23, 2026.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on March 10, 2026.

_____
Keith P. Ellison
United States District Judge